THE CITY OF BROOKLYN, Appellant, *v.* THE NEW YORK FERRY COMPANY, Respondent.

Plaintiff erected, at the foot of one of its streets terminating at the East river, a pier forty feet in width, extending beyond the bulk-head line of

the port of New York as established by the Act of 1857 (Chap. 763, Laws of 1857). Defendant, being the owner of the upland adjoining the street on the south, obtained a grant from the State of the land under water in front of its premises, including so much of the land covered by plaintiff's pier as lies south of the center line of said street. Defendant thereupon erected a structure immediately adjoining plaintiff's pier, widening it twenty feet, and at the end of said pier another structure in front of the first structure and of the southerly half of said street, thus extending the pier, but not beyond the pier-line established by said act. Plaintiff brought this action to restrain defendant from thus interfering with the use and enjoyment of its pier, claiming that defendant's structures were prohibited by the provision of said act (§ 2) declaring that there shall be intervening water space between piers of at least one hundred feet. *Held*, that the action was not maintainable; that from the authority given to plaintiff "to regulate wharves and piers owned by the city". (Subd. 2, § 13, chap. 384, Laws of 1854; subd. 4, § 13, chap. 863, Laws of 1873), no power could be implied under which, by the mere extension of its streets, it could deprive the owners of the uplands and the water-front of the enjoyment and improvement of their own premises.

(Argued November 29, 1881; decided December 13, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 18, 1880, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial, at Special Term.

This action was brought to restrain the defendant from interfering with the use and enjoyment by the plaintiff of its dock or pier at the foot of South Sixth street, in the city of Brooklyn. The facts found by the court were substantially as follows:

In the year 1835, the legislature granted to several persons, among whom were the grantors of the defendant's premises, the right "to erect, fill in, keep and maintain a bulk-head, docks and wharves adjacent to the land owned by them or any of them * * * lying in the East river, and extending into said East river, to a line designated upon a map of said river * * * as the permanent water-line." (Chap. 128, Laws of 1835.) This map was to be filed with the commissioners of the land office, the clerk of Kings county, and the clerk of

the village of Williamsburg, and "the water-line marked on said map," was made "the permanent water-line in front of said village." A map was made and filed in pursuance of this act, upon which was marked a permanent water-line three hundred and sixty feet west of First street, in the said village (now a part of the city of Brooklyn), upon which also was laid out a street sixty feet wide, called River street, of which such water-line was the exterior boundary, and showing South Sixth street as extended to the proposed River street. These streets, as laid down on said map, are referred to in the deeds under which the defendant holds these premises. In the year 1850, South Sixth street was formally opened sixty feet wide, from First street to the waters of the East river, then one hundred and thirty feet west from First street, where there was a line of bulk-head or solid filling. The solid filling on the northerly side of South Sixth street extended still further west, while a line of piling was erected thirty-two feet west of this bulk-head line, on the southerly side of such street, this side being in front of defendant's premises. In the year 1857 (Chap. 763, Laws of 1857), the legislature established the bulk-head line, and the pier line of the port of New York, bringing the bulk-head line, or line of solid filling, some distance beyond the line of piling in front of defendant's premises, and the pier line beyond the *locus in quo.* The said proposed River street is wholly beyond said bulk-head line. Section 2 of said act prohibits any solid filling beyond the bulk-head line thereby established, and also the erection of "any structure exterior to the said bulk-head line, except the sea wall mentioned in the first section of this act, and piers which shall not exceed seventy feet in width respectively, with intervening water spaces of at least one hundred feet."

Plaintiff, in the year 1869, erected at the foot of South Sixth street, commencing at the line of solid filling on the north side, and the line of piling on the south side of the street, and extending to, and seventy-six feet beyond the bulk-head line of 1857, and about one hundred and seventy feet beyond the line of high-water mark, a pier forty feet in width, and one hundred

and twenty-four feet in length, lying wholly within lines in continuation of the lines of South Sixth street, as laid down on the map of the defendant's grantors, and wholly within lines in direct continuation of the lines of South Sixth street, as actually opened and used; thirty feet of the width of such pier, being between the center and south lines of South Sixth street. From the date of the erection of this pier by the city to the commencement of this action, the city enjoyed the use thereof, expended $7,433.98 in repairing and taking care of the same, and collected wharfage thereon. In December, 1879, the defendant, being then owner of the upland on the southerly side of South Sixth street, and of the southerly side of said street, subject to the use of the same as a street, obtained from the State a grant of the land under water in front of its premises; which grant included so much of the land covered by plaintiff's piers as lies south of a line in continuation of the center line of South Sixth street. In July, 1880, the defendant commenced erecting, and since this action was brought has erected, a structure immediately alongside the pier of plaintiff, to the south, widening the said pier about twenty feet; and since the commencement of this action, the defendant has erected at the end of plaintiff's pier, another structure eighty-three feet long, and about fifty feet in width, extending in front of the southerly half of South Sixth street, and of the structure widening said pier, but not projecting beyond the pier line. The court found that neither of said structures interfered with the travel on South Sixth street, but by overlapping and inclosing said pier, prevented vessels from lying along its south side and end, except a space ten feet wide at the end — *i. e.*, the portion north of the center line of South Sixth street as continued.

*William C. De Witt* for appellant. The city had the right to construct the pier to join its street with navigable water, and also derived it from the several clauses of the charter recognizing that right and regulating its exercise. (*Snyder* v. *Rochford*, 6 Ind. 237; Laws 1854, p. 840, § 13, sub. 2; Laws

1873, chap. 863, tit. 2, § 13, sub. 4; *Wood* v. *Tonjis*, 74 N. Y. 612; affirming 9 Hun, 612.)

*Joshua M. Van Cott* for respondent.   The State might have abated the pier; as between the city and the State the pier was a purpresture and a nuisance.   (*People* v. *Vanderbilt*, 28 N. Y. 396; *People* v. *N. Y. & S. I. F. Co.*, 68 id. 71.)  It might have maintained ejectment for it. (*People* v. *Mauran*, 5 Denio, 389; 60 N. Y. 242; *Heard* v. *Brooklyn*, 68 id. 1.)  Defendant, as owner of the upland under and adjacent to the street, and as grantee from the State of the land under water, under, beyond and around the pier, is authorized by law to make the commercial improvements the plaintiff sought to restrain. (*Lansing* v. *Smith*, 4 Wend. 9; *Gould* v. *H. R. R. R. Co.*, 2 Seld. 522; *People* v. *Canal Appraisers*, 33 N. Y. 466, 467; Laws 1855, chap. 31; Laws 1857, chap. 763.)  Even if the addition on the south side of the pier might be deemed to violate the statute requirement of one hundred feet between piers, only the State could take advantage of it.   (*Wetmore* v. *B'klyn Gas-light Co.*, 42 N. Y. 384.)   The opening of the street did not make the city owner of the upland.   The title remained in the owner, subject to the easement of the street.   It, and not the city, was entitled to acquire the land under water from the State. (Thompson on Highways, 22; *Whitbeck* v. *Cook*, 15 Johns. 483; *Gilney* v. *Earl*, 12 Wend. 98.)   The owner may maintain trespass and ejectment in respect of it.   (*Carpenter* v. *Oswego R. R. Co.*, 24 N. Y. 635.)

DANFORTH, J.   Upon the facts found by the trial court, the plaintiff has no right of action.   The structure now in course of erection by the defendant is upon its own property and within the pier line established by law.   It interferes with no right of the plaintiff, and if the argument of the learned counsel for the appellant is sound, the city, by the mere extension of its streets, will deprive the owners of the upland and water front of the enjoyment and improvement of their own premises.   A right to do this should be made very plain be

fore a court of equity can be induced to interfere. There is an absence of any express power given to the plaintiff, and there is nothing in the statutes referred to (Laws of 1854, chap. 384, § 13, sub. 2; Laws of 1873, chap. 863, page 1300, § 13, sub. 4) from which it can be implied.

The authority there conferred is, "to regulate wharves and piers owned by the city" or matters connected therewith, or business thereon. These things are not in question. The object of the action is to exclude the defendant from its own property. No good reason has been shown for such interference, and the court below properly refused its aid.

The judgment should be affirmed.

All concur.

Judgment affirmed.